1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHRISTOPHER ELLIOTT,                    No.  2:22-cv-1072 AC P

12                   Plaintiff,

13         v.                                  ORDER

14    Q. HERRERA, et al.,

15                   Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1,

19    2.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20    636(b)(1)(B).

21         For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be

22    granted.  In addition, plaintiff will be given an opportunity to amend the complaint.

23         I.        APPLICATION TO PROCEED IN FORMA PAUPERIS

24         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25    1915(a).  See ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

26         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

1 the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2 forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of

3 twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4 These payments will be forwarded by the appropriate agency to the Clerk of Court each time the

5 amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6 1915(b)(2).

7        II.    SCREENING REQUIREMENT

8        The court is required to screen complaints brought by prisoners seeking relief against a

9 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

11 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

12 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

13       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19 Cir. 1989); Franklin, 745 F.2d at 1227.

20       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

21 which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in

22 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

23 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

24 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

25 this standard, the court must accept as true the allegations of the complaint in question, Hosp.

26 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

27 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

28 McKeithen, 395 U.S. 411, 421 (1969).

1        III.    PLEADING STANDARD

2               A.    Generally

3        Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

4    immunities secured by the Constitution and laws of the United States."  Wilder v. Virginia Hosp.

5    Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source

6    of substantive rights, but merely provides a method for vindicating federal rights conferred

7    elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

8        To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1)

9    that a right secured by the Constitution or laws of the United States was violated and (2) that the

10   alleged violation was committed by a person acting under the color of state law.  See West v.

11   Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

12       A complaint must contain "a short and plain statement of the claim showing that the

13   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

14   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

16   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

17   matter, accepted as true, to state a claim to relief that is plausible on its face."  Id.  Facial

18   plausibility demands more than the mere possibility that a defendant committed misconduct and,

19   while factual allegations are accepted as true, legal conclusions are not.  Id. at 677-78.

20               B.    Linkage Requirement

21       Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate

22   that each defendant personally participated in the deprivation of his rights.  See Jones v.

23   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between

24   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25   Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor

26   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Vague and conclusory allegations concerning the

27   involvement of official personnel in civil rights violations are not sufficient."  See Ivey v. Bd of

28   ////

3

1  Regents, 673 F.2d 266, 268 (9th Cir. 1982); Atayde v. Napa State Hospital, 255 F. Supp. 3d 978,

2  (E.D. Cal. May 25, 2017) (citing Ivey).

3        IV.  PLAINTIFF'S COMPLAINT

4        Plaintiff, an inmate currently housed at California State Prison – Corcoran, names as

5  defendants Officers Q. Herrera, M. Campose,[1] and Manner, all of whom are employed at

6  California State Prison – Sacramento.  ECF No. 1 at 1-2.   Plaintiff presents First and Eighth

7  Amendment claims related to retaliation, threat to safety, and deprivation of basic necessities in

8  May and June of 2022.  Id. at 3-5.

9        In Claim One, plaintiff alleges that defendant Herrera violated his First and Eighth

10 Amendment rights in May 2022 when:  (1) during his transfer of plaintiff from one cell to

11 another, he grabbed plaintiff's buttocks; (2) he told plaintiff he was "dead" because plaintiff had

12 filed a PREA[2] grievance against him; and (3) he moved plaintiff to a "CAP'ed" cell and refused

13 to feed him because plaintiff had filed sexual harassment and PREA grievances against him.  ECF

14 No. 1 at 3.

15       In Claim Two, plaintiff alleges that in June 2022 defendant Campos violated his First and

16 Eighth Amendment rights when she: (1) threatened to have plaintiff killed because he wrote up

17 defendant Herrera, and (2) told inmates that plaintiff was a sex offender so that they would kill

18 plaintiff.  ECF No. 1 at 4.

19       In Claim Three, plaintiff asserts that in May 2022, defendant Manner violated his First

20 and Eighth Amendment rights when he: (1) asked plaintiff if he thought of men when he sexually

21 pleasured himself; (2) called plaintiff a crude name; (3) threatened to have plaintiff killed for

22 filing a PREA grievance on him and for writing him up after defendant Manner sexually harassed

23 him; and (4) failed to feed him.  ECF No. 1 at 5.

24 ////

---

[1]  Defendant's last name should be spelled "Campos" instead of "Campose."  See ECF No. 11 at 1 (defendant stating plaintiff has erroneously sued her as "Campose" and referring to herself as "Campos" throughout the remainder of the notice).  Accordingly, the Clerk of Court will be directed to correct the spelling in the case caption of the docket.

[2]  "PREA" is the Prison Rape Elimination Act of 2003, Pub. L. No. 108-79, 111 Stat. 972 (2003). It was enacted to eliminate prisoner rape in state and local correctional facilities.

Plaintiff seeks unspecified pain and suffering damages.  He also asks for injunctive relief in the form of being released from false imprisonment and having defendants fired.  ECF No. 1 at 6.

V.   DISCUSSION

A.   Claims for Which a Response Will Be Required

1.   Claim One:  Sexual Harassment – Defendant Herrera

Plaintiff's allegation that Herrera grabbed his buttocks and attempted to justify why he did so states an Eighth claim upon which relief may be granted.  Prisoners have a right to be free from sexual abuse.  See Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000).  Prison officials touching an inmate's genitals falls into that category.  See generally Wood v. Beauclair, 692 F.3d 1041, 1045 (9th Cir. 2012)  (stating sexual harassment or abuse of an inmate is violation of Eighth Amendment).  Therefore, defendant Herrera will be required to respond to this claim.

2.   Claim One:  Retaliation for Filing of Grievances – Defendant Herrera

Plaintiff alleges that because he filed PREA and sexual harassment grievances against defendant Herrera, Herrera moved him into a "CAP'ed" cell.  ECF No. 1 at 3.  Inmates have a First Amendment right to file grievances and to be free from retaliation when they do.  Brodheim v. Cry, 548 F.3d 1262, 1269 (9th Cir. 2009) (stating right to file grievances); Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005) (stating retaliation for grievance filing is constitutional violation).  Consequently, defendant Herrera will be required to respond to this claim as well.

B.   Failure to State a Claim

1.   Claim One:  Defendant Herrera

a.   General Threats

Plaintiff's allegation that his rights were violated when defendant Herrera told him he was "dead" because he had filed a PREA complaint fails to support a claim.  Generally, verbal threats do not violate the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong.");
McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (stating verbal threats, name calling not
////

5

1    usually actionable under Section 1983).  If, however, plaintiff has more facts to add to this claim,

2    he may add them in any amended complaint he may file.

3                                    b.  Food Deprivation

4         Plaintiff alleges that in May 2022, defendant Herrera deprived him of his right to three

5    meals a day.  ECF No. 1 at 3.  The right to adequate food is clearly established.  Foster v.

6    Runnels, 554 F.3d 807, 815 (9th Cir. 2009) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).

7    However, withholding food is not necessarily an objective violation of the Constitution.  Reed v.

8    McBride, 178 F.3d 849, 853 (7th Cir. 1999).  A general allegation of food deprivation does not

9    rise to the level of an Eighth Amendment violation unless it is "unquestioned and serious" and

10   contrary to "the minimal civilized measure of life's necessities."  See Rhodes v. Chapman, 452

11   U.S. 337, 347 (1981).

12        The length of time defendant Herrera withheld food from plaintiff and the circumstances

13   behind the withholding are other factors that must be considered to determine if it rises to the

14   level of a constitutional violation.  Reed, 178 F.3d at 853 (7th Cir. 1999) ("[A] court must assess

15   the amount and duration of the deprivation.") (citing Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th

16   Cir. 1998)).  Because plaintiff has not provided this information, it cannot be determined whether

17   the alleged food deprivation was sufficiently serious to rise to the level of an Eighth Amendment

18   violation.  Should plaintiff choose to amend the complaint, he may provide additional information

19   about this claim.

20                             2.  Claim Two:  Defendant Campos

21        Plaintiff's allegation that Campos told other inmates that he was a sex offender so that he

22   would be killed, on its face, states a claim upon which relief may be granted.  See Valdez v.

23   Marques, No. 21-cv-1500 MMA(RBM), 2021 WL 4690511, at *3-4 (S.D. Cal. Oct. 7, 2021).

24   However, the court takes judicial notice of the fact that plaintiff has presented this claim in two

25   other actions in this court that are currently pending and that are further along in their

26   proceedings.[3]  See Elliott v. Campose, No. 2:22-cv-1236 DMC ("Elliott II"), ECF No. 1 at 3

27   _____

28   [3]  This court may take judicial notice of court records.  See United States v. Howard, 381 F.3d
     873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also

                                              6

1  (complaint alleging threat to safety, retaliation violations of right solely against defendant

2  Campos); <u>see also</u> <u>Elliott v. Lynch</u>, No. 2:22-cv-1323 AC ("<u>Elliott III</u>"), ECF No. 1 at 5

3  (complaint alleging threat to safety related to dissemination of plaintiff's sex offender status to

4  other inmates by Campos).

5      Plaintiff may not pursue the same claim in more than one lawsuit.  The court will not

6  entertain this duplicative claim in this action.

7              3.  <u>Claim Three:  Defendant Manner</u>

8                  a.  <u>Verbal Harassment, Vulgar Language</u>

9      None of the allegations raised in Claim Three against defendant Manner state claims upon

10  which relief may be granted.  Plaintiff's claims that defendant Manner violated his rights when he

11  asked him about his sexual habits and called him a vulgar name are not actionable.  Mere verbal

12  harassment or abuse, without more, is not enough to state a constitutional deprivation under 42

13  U.S.C. § 1983.  <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987); <u>see</u> <u>Austin v.</u>

14  <u>Terhune</u>, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (stating Eighth Amendment protections do not

15  necessarily extend to mere verbal sexual harassment).  Accordingly, this claim is not cognizable.

16                  b.  <u>Threat of Retaliation</u>

17      The allegation that defendant Manner threatened to have plaintiff killed because plaintiff

18  had filed PREA and sexual harassment grievances against fails to state a claim as well.  As stated

19  earlier, inmates have a right to file grievances without retaliation.  <u>Brodheim</u>, 548 F.3d at 1269;

20  <u>Rhodes</u>, 408 F.3d at 566.  However, the complaint provides no facts indicating that defendant

21  Manner acted on his threat to have plaintiff harmed.  <u>See</u> <u>generally</u> ECF No. 1 at 5.  Mere threats

22  to do an act that is prohibited by the Constitution is not the equivalent of doing the act itself.

23  <u>Gaut</u>, 810 F.2d at 925.  If plaintiff chooses to amend this claim in the complaint, he must provide

24  the court with more information.

25  ////

26  ////

27  _____

28  Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate
    determination by sources whose accuracy cannot reasonably be questioned).

1

          c.  <u>Food Deprivation</u>

2

Plaintiff's vague assertion that defendant Manner failed to feed him is not supported by

3

sufficient facts to state a claim.  The complaint does not specify the circumstances of  the alleged

4

failure to feed, or indicate the length of time defendant Manner deprived plaintiff of food.  In

5

sum, the claim is unsupported by facts.  <u>See</u> <u>generally</u> ECF No. 1 at 5.  As with the similar claim

6

against defendant Manner, plaintiff may amend if he has additional facts to provide.

7

      VI.  <u>OPTIONAL LEAVE TO AMEND</u>

8

For the reasons set forth above, the court finds that the complaint does not state

9

cognizable claims against defendants other than First and Eighth Amendment claims against

10

defendant Herrera as identified herein.  Because it is possible that plaintiff may be able to allege

11

facts to remedy the deficiencies in some of his claims, he will be given a final opportunity to

12

amend the complaint if he desires.  To that end, plaintiff may ***either***:  (1) proceed forthwith to

13

serve defendant Herrera on the claims identified above, ***or*** (2) delay serving defendant Herrera

14

and amend the complaint.

15

Plaintiff will be required to complete and return the attached notice advising the court how

16

he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to

17

file a first amended complaint.  If plaintiff elects to proceed on his claims against defendant

18

Herrera without amending the complaint, the court will proceed to serve it as screened.  A

19

decision to go forward without amending the complaint will be considered a voluntarily dismissal

20

without prejudice of all other claims and defendants.

21

Because plaintiff may be able to allege facts and/or provide information to remedy the

22

above-mentioned deficiencies, he will be given the opportunity to amend.  When amending the

23

complaint, plaintiff must demonstrate how the actions about which he complains resulted in a

24

deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Also, the

25

complaint must identify each defendant by name and with specificity as well as allege in specific

26

terms how each one is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th

27

Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

28

or connection between a defendant's actions and the claimed deprivation.  <u>See</u> <u>Arnold</u>, 637 F.2d

1  at 1355; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

2  conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey,

3  673 F.2d at 268 (citations omitted) (brackets added).

4  　　　At the same time, however, the federal rules contemplate brevity.  Specifically, the

5  amended complaint should contain a "short and plain statement of the claim showing that the

6  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); see Swierkiewicz v. Sorema N.A., 534 U.S.

7  506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was

8  adopted to focus litigation on the merits of a claim.").

9  　　　Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

10  his amended complaint complete.  Local Rule 220 requires that an amended complaint be

11  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

12  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

13  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

14  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

15  in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

16  complaint, the previous complaints no longer serve any function in the case.  Therefore, in an

17  amended complaint, as in an original complaint, each claim and the involvement of each

18  defendant must be sufficiently alleged.

19  　　　VII.  PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

20  　　　The facts in your complaint support First and Eighth Amendment claims against

21  defendant Herrera for retaliation and sexual harassment.  The claim you raise against defendant

22  Campos (Claim Two) cannot be considered in this case, because you have already raised it in two

23  other cases that are currently pending in this court.  The facts you have alleged about defendants

24  Manner and Herrera threatening you, using vulgar language, and depriving you of food do not

25  state any claims for relief.

26  　　　You have a choice to make.  You may proceed against Herrera on the retaliation and

27  sexual harassment claims against him only, and dismiss all other claims and defendants.  In the

28  alternative, you may amend your complaint.  If you choose to amend, you must provide

1  additional facts showing how the threats and food deprivation by Manner and Herrera violated

2  your constitutional rights.  An amended complaint will be screened and may or may not be

3  allowed to proceed.  Please use the attached form to let the court know how which option you

4  choose.

5                                          CONCLUSION

6          Accordingly, IT IS HEREBY ORDERED that:

7          1.  The Clerk of Court shall change the spelling of defendant M. Campos' last name from

8  "M. Campose" to "M. Campos" in the case caption of the docket;

9          2.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

10         3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).

12  All fees shall be collected and paid in accordance with this court's order to the Director of the

13  California Department of Corrections and Rehabilitation filed concurrently herewith;

14         4.  Within fourteen days of the date of this order, plaintiff shall return the attached Notice

15  on How to Proceed to inform the court whether he wishes to proceed on the complaint as

16  screened or if he wishes to file a first amended complaint, and

17         5.  If plaintiff wishes to amend the complaint, he shall do so within thirty days of the date

18  of this order.

19         Plaintiff is cautioned that failure to timely comply with the directives in this order may

20  result in a recommendation that this action be dismissed.

21  DATED: April 14, 2023

22

23                                          ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28

                                                10

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER ELLIOTT,                    No.  2:22-cv-1072 AC P

12                 Plaintiff,

13        v.                                 PLAINTIFF'S NOTICE ON HOW TO
                                             PROCEED
14   Q. HERRERA, et al.,

15                 Defendants.

16
          CHECK ONE:
17
     _____  Plaintiff would like to proceed immediately on his First and Eighth Amendment claims
18
     against defendant Q. Herrera for retaliation and sexual harassment.  Plaintiff understands that by
19
     choosing to go forward without amending the complaint, he is voluntarily dismissing any other
20
     claims against Herrera and all claims against defendants Manner and Campos pursuant to Federal
21
     Rule of Civil Procedure 41(a)(1)(A)(i).
22
     _____  Plaintiff would like to amend the complaint.
23

24   DATED:  _____

25                                           _____
                                             CHRISTOPHER ELLIOTT
26                                           Plaintiff Pro Se

27

28