UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT, | No. 2:22-cv-1323 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFF LYNCH, et al, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is defendant Campos' notice of related cases. ECF No. 20. The court takes judicial notice that Campos has filed similar notices in Elliott v. Herrera, No. 2:22-cv-1072 AC ("Elliott I"), and Elliott v. Campose, No. 2:22-cv-1236 DMC ("Elliott II"). The undersigned currently presides over both Elliott I and the instant case.

For the reasons stated below, the undersigned finds that the above-captioned case is related only in part to Elliott I, but it is related in its entirety to Elliott II. Accordingly, it will be recommended that this case be related and reassigned to the magistrate judge currently assigned to Elliott II.

////

I. PLAINTIFF'S FIRST-FILED CASE: *ELLIOTT I*[1]

In Elliott I, plaintiff alleges various violations of his First and Eighth Amendment rights by three defendants, involving alleged sexual harassment, food deprivation, threat to safety and retaliation in May and June of 2022. Elliott I, ECF No. 1 at 3-5. Officer M. Campos is one of three peace officers named in that action. Elliott I, ECF No. 1 at 1-2. In Elliott I, plaintiff specifically alleges that defendant Campos violated his rights when she told other inmates that he was a sex offender so that he would be killed on the yard. Elliott I, ECF No. 1 at 4. However, plaintiff also raises other unrelated claims against other defendants in Elliott I. See id. at 3, 5.

Recently, defendant Campos filed two separate notices of related cases in Elliott I. See Elliott I, ECF Nos. 11, 13. In the first notice, filed on March 21, 2023, Campos states that Elliott I is related to Elliott II. See Elliott I, ECF No. 11. In the second notice, filed March 30, 2023, Campos states that Elliott I is also related to the instant case. See Elliott I, ECF No. 13.

II. *ELLIOTT I*'S FIRST NOTICE OF RELATED CASES

In the first notice of related cases filed in Elliott I, Campos alleges that Elliott I raises virtually the same First and Eighth Amendment claims against her for the same actions as those alleged in Elliott v. Campose, No. 2:22-cv-1236 DMC (Elliott II). See Elliott I, ECF No. 11 at 2-3. In both cases, plaintiff alleges that Campos sexually harassed plaintiff in June 2022 by asking to see his genitals, deprived him of food, threatened his safety, and retaliated against him when she told plaintiff that if he was sent to the yard for filing a sexual harassment grievance against another officer, he would be dead. See Elliott II, ECF No. 1 at 3.

Elliott I does indeed present the same claim against Campos that is asserted in Elliott II. It also presents claims against other defendants not named in Elliott II. On screening, the undersigned recently found that Elliott I presented cognizable claims against a defendant other than Campos, as well as factually unsubstantiated claims against defendants other than Campos.

---

[1] Elliott I is the case first filed by plaintiff, and like the instant action, it is assigned to the undersigned. Because it is the only case of the three in which defendant Campos has filed two separate notices that relate it both to Elliott II and to Elliott III (see Elliott I, ECF Nos. 11, 13), the undersigned will primarily discuss the relation of these three cases via the two notices filed in Elliott I.

Plaintiff was given an opportunity to amend the latter claims. The court indicated that the claim against Campos was subject to dismissal as duplicative of Elliott II, which has progressed past the screening stage. Accordingly, Elliott I will not be related and reassigned to the magistrate judge currently presiding over Elliott II.

### III.   *ELLIOTT I*'S SECOND NOTICE OF RELATED CASES

In Campos's second notice of related cases in Elliott I, she states that Elliott I is also related to the instant case. See Elliott I, ECF No. 13 at 2 (second notice of related cases). This case proceeds solely on the claim that plaintiff's Eighth Amendment rights were violated when Campos deliberately notified other inmates that he was a sex offender in an effort to get plaintiff killed. See ECF No. 9 at 3-4 (screening order).

Because this is the same claim presented in Elliott II, compare ECF No. 1 at 5 with Elliott II, ECF No. 1 at 3, the undersigned concludes that the two cases are properly related pursuant to Local Rule 123(a).

### VI.   CONCLUSION

In sum, the undersigned finds that relation of Elliott I to Elliott II is not warranted despite the common claim against defendant Campos, because Elliott I also includes viable unrelated claims against other defendants and the claim against Campos is subject to dismissal on screening. The instant case, however, contains only the claim against Campos that is currently being litigated in Elliott II. Accordingly, this case should be related in its entirety to Elliott II and be reassigned to the magistrate judge currently presiding over Elliott II.

The Clerk of Court will be directed to file copies of this order in Elliott v. Herrera, No. 2:22-cv-1072 AC (Elliott I), and in Elliott v. Herrera, No. 2:22-cv-1236 DMC (Elliott II).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall:

1. Randomly assign a District Judge to this action; and
2. File a copy of this order in Elliott v. Herrera, No. 2:22-cv-1072 AC, and in Elliott v. Herrera, No. 2:22-cv-1236 DMC.[2]

---

[2] When filed in Elliott v. Herrera, No. 2:22-cv-1072 AC and in Elliott v. Campose, No. 2:22-cv-1236 DMC, it should be docketed as an order, not as findings and recommendations.

IT IS FURTHER RECOMMENDED that:

1. This action be RELATED to Elliott v. Campose, No. 2:22-cv-1236 DMC, pursuant to Local Rule 123(a)(1)-(3); and

2. This action be REASSIGNED to the magistrate judge currently presiding over Elliott v. Campose, No. 2:22-cv-1236 DMC, pursuant to Local Rule 123(c).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE