UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT,<br><br>      Plaintiff,<br><br>v.<br><br>G. HERRERA,<br><br>      Defendant. | No. 2:22-cv-1072 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant's motion to dismiss plaintiff's complaint. ECF No. 35.

I.    Background

    A.    Procedural History

By order filed April 14, 2023, the undersigned screened the complaint and found for purposes of service under 28 U.S.C. § 1915 that it stated First and Eighth Amendment claims against defendant Herrera for sexual harassment and retaliation for filing of grievances. ECF No. 14 at 5, 8. The complaint did not state any other cognizable claims. Id. at 8. Plaintiff was given the option of proceeding on the complaint as screened or amending the complaint. Id. Plaintiff opted to proceed on his cognizable claims against Herrera and voluntarily dismissed all other claims and defendants. ECF No. 18. Defendants have now moved to dismiss the complaint on

the grounds that: (1) it is clear on the face of the complaint that plaintiff failed to exhaust his administrative remedies with respect to his First Amendment retaliation claim; (2) plaintiff fails to allege sufficient facts to state a plausible Eighth Amendment sexual harassment claim; and (3) plaintiff's requests for injunctive relief are frivolous and moot. ECF No. 35.

### B. Plaintiff's Allegations

Plaintiff alleges that defendant Herrera violated his First and Eighth Amendment rights in May 2022 when (1) during his transfer of plaintiff from one cell to another, he grabbed plaintiff's buttocks; and (2) he moved plaintiff to a "CAP'ed" cell because plaintiff had filed sexual harassment and PREA grievances against him. ECF No. 1 at 3.

Plaintiff attached several grievances against Herrera to his complaint. Id. at 9-10, 12-25.

### C. Motion to Dismiss

Defendant moves to dismiss plaintiff's First Amendment retaliation claim for failure to exhaust administrative remedies. ECF No. 35 at 8-25. Defendant argues that plaintiff must fully exhaust his administrative remedies before suing, and that it is clear from the face of the complaint that plaintiff has not done so because plaintiff "attached seven relevant grievances to his complaint, primarily alleging PREA and 'staff sexual harassment' claims against Officer Herrera" and none of them "address the specific allegation of a retaliatory transfer to a 'CAP'ed' cell." Id. at 8-9. Defendant moves to dismiss the Eighth Amendment claim because "[p]laintiff has failed to establish that he suffered harm sufficient to rise to the level of a constitutional deprivation" and defendant Herrera acted with the requisite culpable intent. Id. at 12-16. Lastly, defendant argues that plaintiff's request to have defendant terminated is frivolous and should be dismissed because the court does not have authority to grant such relief under § 1983, and injunctive relief is moot where plaintiff is no longer incarcerated at CSP-SAC. Id. at 16-17.[1]

In opposition, plaintiff argues that he did exhaust his administrative remedies, that "[t]he description suggests the *brief* contact was [sic] a sexual nature," and the fact that he is no longer incarcerated at CSP-SAC does not moot his claims for injunctive relief. ECF No. 36 at 2-4

---

[1] When plaintiff filed these allegations with the court, he was housed at California State Prison – Sacramento (CSP-SAC). ECF No. 1 at 1. At the time of his opposition, he was no longer housed at CSP-SAC. ECF No. 36 at 1-2 (acknowledging incarceration at CSP-Corcoran).

1  (emphasis added).  With respect to exhaustion, he references another grievance, which was
2  received by California Department of Corrections and Rehabilitation's (CDCR's) Office of
3  Grievances at CSP-SAC on October 1, 2023.  Id. at 2, 5.
4       In reply, defendant argues that even if plaintiff did file a grievance regarding his
5  retaliation claims against Herrera, he did not do so before he filed the present suit and therefore
6  cannot meet the Prison Litigation Reform Act's (PLRA's) requirement that he exhausts his claims
7  before filing suit.  ECF No. 39 at 2-3.  With respect to defendant's arguments concerning the
8  Eighth Amendment claim, defendant reiterates that plaintiff has not pleaded the objective and
9  subjective requirements for an Eighth Amendment sexual harassment claim.  Id. at 4-5.
10 Defendant similarly reiterates that injunctive relief is moot.  Id. at 5-6.
11     II.     <u>Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)</u>
12      Under Rule 12(b)(6), a complaint will be dismissed for failure to state a claim if it makes
13 only "a formulaic recitation of the elements of a cause of action" rather than factual allegations
14 sufficient "to raise a right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 550
15 U.S. 544, 555 (2007) (citations omitted).  In order for the claim to be plausible on its face, it must
16 contain sufficient "factual content that allows the court to draw the reasonable inference that the
17 defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)
18 (citing <u>Twombly</u>, 550 U.S. at 556).  "Dismissal under Rule 12(b)(6) on the basis of an affirmative
19 defense is proper only if the defendant shows some obvious bar to securing relief on the face of
20 the complaint."  <u>ASARCO, LLC v. Union Pac. R.R. Co.</u>, 765 F.3d 999, 1004 (9th Cir. 2014)
21 (citations omitted).
22      In considering a motion to dismiss, the court must accept as true the allegations of the
23 complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976)
24 (citation omitted), and construe the pleading in the light most favorable to the party opposing the
25 motion and resolve all doubts in the pleader's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421
26 (1969) (citations omitted).  The court will "presume that general allegations embrace those
27 specific facts that are necessary to support the claim." <u>Nat'l Org. for Women, Inc. v. Scheidler</u>,
28 510 U.S. 249, 256 (1994) (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561 (1992)).

However, while pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (citations omitted), the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

### III.   Request for Judicial Notice

Defendant's reply in support of his motion to dismiss is accompanied by a request for judicial notice. ECF No. 39-1. He requests that the court take judicial notice of plaintiff's administrative grievance, Appeal Log number 457262, which plaintiff references in his opposition to the motion to dismiss. Id. at 1. Plaintiff has not opposed this request.

> When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.

United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003).

For purposes of the present motion, the court takes judicial notice of the existence and contents of the complete administrative grievance for Appeal Log number 457262. See Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n. 2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute."). However, the court does not assume the truth of the facts asserted in the document. See Tri v. Gutierrez, No. 1:22-cv-0836 KES SKO PC, 2024 WL 1801392, at *3 (E.D. Cal. Apr. 25, 2024) (citing M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983)).

### IV.   Exhaustion of Administrative Remedies

#### A.   Legal Standard

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the PLRA, 42 U.S.C. § 1997e(a). Under the PLRA, a prisoner must fully exhaust all available administrative remedies before bringing an action under § 1983. 42 U.S.C. § 1997e(a);

Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences").

While exhaustion is a mandatory requirement that will result in dismissal if not met, Ross v. Blake, 136 S. Ct. 1850, 1856 (2016), "inmates are not required to specially plead or demonstrate exhaustion in their complaints," Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, "the defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense," and it is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc) (citations omitted). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Id. at 1166

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69.

B.   Discussion

Defendant argues that because plaintiff answered that there are administrative remedies for his claims against Herrera and none of the grievances attached to plaintiff's complaint address the specific allegation of a retaliatory transfer to a "CAP'ed" cell, plaintiff has not exhausted his First Amendment claim against Herrera. ECF No. 35 at 8. But in the complaint, plaintiff *also* answered "yes" to whether he submitted a request for administrative relief of his claims against Herrera and whether he appealed that request to the highest level, and he does not make any representation that the grievances attached to the complaint are all of the grievances he filed on the issue. ECF No. 1 at 3. That plaintiff attached copies of seven grievances to his complaint, plaintiff responded to the motion to dismiss by attaching a copy of an additional grievance receipt for Log #0457262, and defendant attached the complete administrative record of the additional grievance, Log No. 0457262, is not sufficient to show non-exhaustion on the face of the complaint because it is not clear to the court that these eight grievances are the only grievances

filed by plaintiff by which he could have exhausted his administrative remedies.[2]

The motion to dismiss for failure to exhaust should therefore be denied without prejudice to a motion for summary judgment on non-exhaustion grounds.

V. Eighth Amendment Claim

A. Legal Standard

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  Second, "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' To violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind,'" "one of 'deliberate indifference' to inmate health or safety." Id. (citations omitted).

This Eighth Amendment legal standard applies to sexual abuse and harassment claims. Wood v. Beauclair, 692 F.3d 1041, 1045-47 (9th Cir. 2012) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Id. at 1046; see also Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000).  However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting Hudson, 503 U.S. at 9).

The Ninth Circuit has held that a prisoner states a viable Eighth Amendment claim where he or she "proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual

---

[2] The court notes that defendant's contention that exhaustion of a claim after the filing of a complaint could not cure an exhaustion defect (ECF No. 39 at 3) is no longer an accurate statement of the law in this circuit and was not accurate at the time he made the assertion.  The Ninth Circuit has made clear that the operative complaint "is the only complaint relevant for purposes of the PLRA exhaustion analysis." Saddozai v. Davis, 35 F.4th 705, 710 (9th Cir. 2022). Accordingly, even if plaintiff did not exhaust his claims against Herrera prior to filing the original complaint, as to which the court takes no position on at this stage, that defect can be cured by the filing of an amended complaint.  Amendment is being recommended in this case for independent reasons discussed below.

conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020). "[W]here the allegation is that a guard's conduct began as an invasive procedure that served a legitimate penological purpose, the prisoner must show that the guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." Id. at 1145. "Such a showing will satisfy the objective and subjective components of an Eighth Amendment claim." Id.

        B.      Discussion

Here, there is nothing in plaintiff's complaint that raises a plausible inference that the brief touching of his buttock exceeded the scope of the penological interest of a secured escort associated with a cell transfer. See Brewster v. Mills, No. 20-cv-03254-HSG, 2022 WL 976973, at *4, 2022 U.S. Dist. LEXIS 60576, at *11-12 (N.D. Cal. Mar. 31, 2022) (finding that a defendant who "swiped" plaintiff's buttocks "a little bit" in the process of tightening handcuffs on plaintiff after a shower did not amount to a sexual assault under the decision in Bearchild because of the penological purpose of affixing handcuffs and because plaintiff failed to demonstrate how defendant had exceeded the scope of that purpose). Moreover, allegations of one incident of brief touching of his buttocks, without more, is not sufficiently serious to state an Eighth Amendment claim. See Foust v. Ali, 2021 WL 4975183, at *3, 2021 U.S. Dist. LEXIS 206806, at *6-7 (E.D. Cal. Oct. 26, 2021) (quoting Berryhill v. Schriro, 137 F.3d 1073, 1076 (9th Cir. 1998) ("[E]ven outside the context of a search, if a defendant is alleged to have grabbed a plaintiff's buttocks for a few seconds, the claim does not give rise to an Eighth Amendment violation")); Id., 2021 WL 4975183, at *3, 2021 U.S. Dist. LEXIS 206806, at *7-8 (plaintiff's allegations that defendant "touched his buttock twice" without more was insufficient to state an Eighth Amendment claim); Riley v. Guerrero, 2020 WL 568873, at *6, 2020 U.S. Dist. LEXIS 19347, at *15-16 (E.D. Cal. Feb. 5, 2020) (allegations of an officer briefly pressing his body weight against the plaintiff's backside and buttocks was not sufficient to state a claim under the Eighth Amendment).

The motion to dismiss plaintiff's Eighth Amendment claim should therefore be granted. Because plaintiff has not previously amended the complaint and may be able to allege additional

7

facts to state a claim for relief, the undersigned will recommend that dismissal be with leave to amend.

VI. Injunctive Relief

As relief, plaintiff requests monetary relief for pain and suffering, release from false imprisonment, and that defendant be fired. ECF No. 1 at 6. Defendant argues that the requested injunctive relief is frivolous because the court lacks authority to grant this relief and moot because plaintiff is no longer incarcerated at CSP-SAC. ECF No. 35 at 16-17. In opposition, plaintiff argues that the fact that he is no longer incarcerated at CSP-SAC does not moot his claims for injunctive relief. ECF No. 36 at 2.

The court agrees with plaintiff that a transfer alone does not necessarily moot any and all claims for injunctive relief. See Johnson v. Baker, 23 F.4th 1209, 1214 n.2 (9th Cir. 2022) (rejecting defendant's argument that the claim for injunctive relief was moot merely because plaintiff had been transferred to a different prison); but see Pride v. Correa, 719 F.3d 1130, 1138 (9th Cir. 2013) (when inmate seeks injunctive relief regarding conditions at a particular facility and is then transferred without reasonable expectation of returning, claim for injunctive relief becomes moot). Nonetheless, the court agrees with defendant that the court is without authority to grant the relief sought—defendant's termination—and therefore will recommend dismissal of this prayer for relief. See Cranford v. Eyiuche, 2018 WL 3348736, at *3, 2018 U.S. Dist. LEXIS 113682, at *5-6 (the court does not have authority to terminate defendant's employment); Coleman v. Lopez, 2020 WL 13785534, at *3, 2020 U.S. Dist. LEXIS 270420, at *7 (E.D. Cal. Jan. 31, 2020) (the court lacks authority to reprimand defendants). Additionally, to the extent plaintiff seeks injunctive relief in the form of release for imprisonment, such relief is also not appropriate under § 1983. See Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (a writ of habeas corpus is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement).

VII. Plain Language Summary for this Order for a Pro Se Litigant

It is being recommended that the motion to dismiss against you be granted with respect to your Eighth Amendment claim against defendant Herrera because the facts you have alleged are

8

not enough to infer that the brief contact was severe, and that defendant Herrera engaged in such conduct knowing it would cause you harm.  Because it's possible there are additional facts you could allege to establish an Eighth Amendment claim, the undersigned is recommending that you be given leave to amend this claim.  It is also being recommended that your requests for injunctive relief be dismissed because the court cannot grant you the relief you are asking for even if you are successful.

The undersigned is recommending that the motion to dismiss be denied with respect to your First Amendment retaliation claim.

VIII.   Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (ECF No. 39-1) is GRANTED.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 35) be GRANTED in part and DENIED in part as follows:

    a. GRANTED as to plaintiff's Eighth Amendment claims against defendant Herrera;

    b. GRANTED as to plaintiff's prayer for relief for release and for defendant's termination of employment; and

    c. DENIED as to plaintiff's First Amendment retaliation claim against defendant Herrera without prejudice to filing a motion for summary judgment on the issue of exhaustion.

2. Dismissal of plaintiff's Eighth Amendment claim be without prejudice.

3. Plaintiff be granted thirty days to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE